UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

                                          Civil No. 08-70014-HA

        v.                                 Crim. No. 00-273-02-HA

JEROLD LEE MOONEYHAM,          OPINION AND ORDER

        Defendant-Petitioner.

_____

HAGGERTY, District Judge:

      Defendant Jerold Lee Mooneyham (petitioner) has filed a *pro se* Motion to Vacate or Correct Sentence [82] asking the court to correct his sentence. This court construed this motion liberally as a petition brought under 28 U.S.C. § 2255. For the following reasons, the petition is denied.

1 - OPINION AND ORDER

**BACKGROUND**

On May 4, 2000, federal warrants to arrest petitioner for unarmed bank robbery and to search his residence were issued. This conduct by petitioner also violated his conditions for parole from state sentences.

Petitioner was arrested on May 10, 2000, by Oregon state authorities on an outstanding state warrant for parole violations. The federal search warrant was returned on May 11, 2000, and the federal arrest warrant was returned unexecuted on May 30, 2000.

On May 26, 2000, petitioner's state parole was revoked. Petitioner was returned to the Oregon Department of Corrections to serve his state sentences at the Snake River Correctional Institute in Oregon.

On June 28, 2000, while serving his state parole revocation term, petitioner was transferred temporarily to federal custody pursuant to a writ of habeas corpus *ad prosequendum* to stand trial for unarmed bank robbery. Petitioner pled guilty to a single count of unarmed bank robbery.

On November 27, 2000, this court sentenced petitioner to a 151-month term of imprisonment. This court concluded that petitioner's federal sentence should be served concurrently with the undischarged terms of imprisonment imposed in Multnomah County Circuit Court Case No. 8901-30039 and Columbia County Circuit Court Case No. 881086. On November 29, 2000, petitioner was returned to state authorities. He was re-paroled on his state sentences on November 30, 2000.

On December 6, 2000, petitioner was released to the physical custody of federal authorities. The Bureau of Prisons (BOP) computed petitioner's sentence pursuant to 18 U.S.C. § 3585(a) and (b) and Program Statement (PS) 5880.28.

In accordance with § 3585(b), the BOP omitted credit for the period of custody occurring between May 11, 2000, the day petitioner's state parole revocation term commenced, through November 26, 2000, the day before commencement of petitioner's federal sentence. Petitioner did receive one day of credit toward his federal sentence representing time when petitioner was in official detention that was not credited toward his state sentences.

Petitioner asserted an administrative request to the BOP seeking a reduction of his federal sentence for the time he was incarcerated by the state following his arrest on May 10, 2000, for his parole violation. The BOP denied that request.

On June 5, 2008, petitioner filed a *pro se* motion he titled "Motion to Correct Sentence under Federal Rule of Procedure 36" [82]. On June 18, 2008, this court issued an order construing his pleading as a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.

## **STANDARDS**

As noted above, petitioner's motion is liberally construed as asserting jurisdiction under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may

3 - OPINION AND ORDER

deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

This court has reviewed the Record and the parties' briefs. A hearing is unnecessary. For the reasons below, petitioner's Motion [82] must be denied.

## ANALYSIS

### 1.      Timeliness

Petitioner's assertion of his sentencing challenge is untimely. Motions under § 2255 are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). The statute provides:

The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not argue that subsections (2)-(4) apply to this case. The court therefore looks to when the judgment became final. A judgment becomes final "upon the expiration of the time during which [the movant] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). The Supreme Court has explained that a final judgment occurs when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, (1987).

Petitioner's motion was filed on June 5, 2008, long after petitioner's judgment became final on December 7, 2000. Petitioner's filing date is more than six years after December 7, 2001, the closing of the applicable statute of limitations. His motion must be dismissed as untimely.

  **2. Merits**

Even if petitioner's claim were not untimely, the court would be compelled to deny the motion as lacking merit. The Ninth Circuit recognized some time ago that when an accused is transferred from state incarceration to federal proceedings pursuant to a writ of habeas corpus *ad prosequendum*, the accused is considered to be "on loan" to the federal authorities and the state's jurisdiction over the accused is uninterrupted. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (citations and quotation omitted). The fact that the prisoner remains in custody during the transfer and federal proceedings fails to transform a state prisoner into a federal prisoner. *Id*.

5  -  OPINION AND ORDER

Petitioner relies upon a misinterpretation of the exchange between the court and counsel during sentencing. Although this court instructed that petitioner's federal sentence be served concurrently, it did not intend to declare that time served by petitioner for state violations prior to his federal sentencing should reduce the federal sentence imposed.

Specifically, petitioner errs in his suppositions that he "served in federal custody from May 10, 2000," and was arrested by federal officials on May 10, 2000, and was "officially placed in federal custody . . . to the day of his sentencing on November 27, 2000." *Id*. at 4. As noted above, the federal arrest warrant was not executed; instead, petitioner was arrested in May 2000 for his state parole violation. He served his state sentences in state facilities, and was merely "on loan" pursuant to a writ of habeas corpus *ad prosequendum* to federal authorities. Pursuant to 18 U.S.C. § 3585(b), his federal sentence did not begin to run until he was released by state authorities to federal authorities and he a federal sentence was imposed upon him. *See Thomas v. Brewer*, 923 F.2d at 1369.

As this court expressed at sentencing, the option of departing in sentencing, beyond the benefits realized to petitioner by ordering his federal sentence to be served concurrently with his state sentences, was considered and rejected:

> [A]lthough I acknowledge my authority to depart, I think, in a sense, I have taken into account the matters raised in your lawyer's letter to me as a basis to impose a concurrent sentence versus a consecutive sentence, as recommended by the probation department. I think that concession by the government and my acknowledgment to go along with it has reduced your sentence by roughly seven or eight years. I think, under the circumstances, that is a sufficient sentence to impose in this case.

Gov't Ex. 2, Sentencing Transcript, p.7.

The suggestion that this court intended a greater reduction in petitioner's federal sentence than was effected by ordering that sentence to be served concurrently with petitioner's state

sentences is baseless. Accordingly, petitioner's request for a sentence correction – even if construed as timely – must fail.

**CONCLUSION**

Petitioner's briefing and arguments have been considered by this court. These arguments are rejected as untimely and because the arguments lack sufficient merit to support a petition brought under 28 U.S.C. § 2255. For the foregoing reasons, defendant Jerold Lee Mooneyham's Motion to Vacate or Correct Sentence [82] is DENIED. All other pending motions in this matter have been considered and are denied as moot.

IT IS SO ORDERED.

DATED this  24   day of February, 2009.

                                                  /s/ Ancer L. Haggerty
                                                  Ancer L. Haggerty
                                          United States District Judge